FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

2011 MAR 21 'A 8: 40

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

|  |  |  |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | CIVIL ACTION NO. 1:11 CV281-JCC/IDD |
| **Plaintiff,** | ) ) |  |
| **v.** | ) ) | **COMPLAINT** |
| **UNITED AIR TEMP, AIR CONDITIONING AND HEATING, INC.** | ) ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) ) |  |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, non-Caucasian, and to provide appropriate relief to Patricia Burch and a class of similarly situated individuals who were adversely affected by such practices.   Specifically, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, United Air Temp, Air Conditioning and Heating, Inc. ("Defendant"), discriminated against Patricia Burch, and a class of similarly situated non-Caucasian individuals, by paying them at rates less than one or more Caucasian employees who performed the same or substantially similar work.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been doing business in the State of Virginia and the City of Lorton and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Patricia Burch filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      From around February 5, 2001 until the present, Defendant engaged in unlawful employment practices at its Lorton, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).  Specifically, Defendant discriminated against Patricia Burch, Priscilla Royal, Salimah Abdullah and other similarly situated non-Caucasian Telemarketers who were paid less than one or more Caucasian Telemarketers because of their race.

8.      At all relevant times Patricia Burch, who is black, was one of approximately ten Telemarketers employed by Defendant.  Burch was employed as a Telemarketer from around

2

March 2001 until around April 20, 2006. At all relevant times Priscilla Royal, who is black, was employed as a Telemarketer from around August 20, 2002 until August 14, 2007. At all relevant times Salimah Abdullah, who is black, was employed as a Telemarketer from around September 25, 2002 until around April 19, 2006.

9.      As Telemarketers, Burch, Royal and Abdullah were each responsible primarily for contacting clients and scheduling service calls. Burch, Royal and Abdullah earned eleven dollars ($11) per hour throughout their employment.

10.      In addition to Burch, Royal and Abdullah, between 1996 and the present, Defendant employed two other Telemarketers who are black. Both of these Telemarketers were primarily responsible for contacting clients and scheduling service calls, and made eleven dollars ($11) per hour throughout their employment.

11.      During three distinct periods between November 2000 and September 2009, Defendant employed a Telemarketer who is of Middle Eastern (non-Caucasian) descent. Said Telemarketer was primarily responsible for contacting clients and scheduling service calls. Said Telemarketer made eleven dollars ($11) per hour until around July 2005, when her pay was raised by twenty-five cents, to $11.25 per hour. Said Telemarketer's pay rate remained at $11.25 per hour during the remainder of said Telemarketer's employment.

12.      At all relevant times, Defendant employed Charles Christopher, who is Caucasian as a Telemarketer ("Christopher"). Christopher was primarily responsible for contacting clients and scheduling service calls. Beginning around February 2001 and continuing throughout his employment, Defendant paid Christopher twelve dollars ($12) per hour despite the fact that his job duties were the same or substantially similar to those of the non-Caucasian Telemarketers. Christopher was given the twelve dollar ($12) per hour wage because of his race, Caucasian.

3

Christopher was the only Caucasian Telemarketer performing the same or substantially similar duties as Burch, Royal, Abdullah, Christopher and the other Telemarketers identified in paragraphs 10 and 11 *supra*.    Moreover, the remaining Telemarketers employed by Defendant during the relevant period (one Caucasian and one Middle Eastern) are not similarly situated with Burch, Royal, Abdullah, Christopher and the other Telemarketers identified in paragraphs 10 and 11 *supra* because the remaining Telemarketers performed different job duties.

13.     The effect of the practices complained of above has been to deprive Burch, Royal, Abdullah and other similarly situated non-Caucasian Telemarketers of equal employment opportunities and otherwise adversely effect their status as employees because of their race, non-Caucasian.

14.     The unlawful employment practices complained of above were intentional.

15.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Burch, Royal, Abdullah and the other similarly situated employees, because of their race, non-Caucasian.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making determinations about wages paid to its employees on the basis of race.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for non-Caucasian employees, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Burch, Royal, Abdullah and other similarly situated non-Caucasian employees whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices.

D.    Order Defendant to make Burch, Royal, Abdullah and other similarly situated non-Caucasian employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendant to make Burch, Royal, Abdullah and other similarly situated non-Caucasian employees whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.    Order Defendant to pay Burch, Royal, Abdullah and other similarly situated non-Caucasian employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 21st day of March, 2011.

5

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte District Office 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney

TIANE DOMAN
Trial Attorney

Local Counsel:

EDWARD O'FARRELL LOUGHLIN
Trial Attorney
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
edward.loughlin@eeoc.gov
Phone: (202) 419-0748
Fax: (202) 419-0739
Virginia State Bar No. 70182

ATTORNEYS FOR PLAINTIFF

6